Judge Underwood
delivered the Opinion of the Court.
On the 6th of May, 1820, the plaintiff in error drew the following order in favor of the defendant, dated at Lexington.
“Mr. John Fisher, sir: Please pay to David Castle-man or order, three hundred dollars, the balance due for a negro man, named Jim, that f purchased of the Fayette paper manufacturing company', and this shall be your receipt for the amount.
JOHN CLARKE.” .
On the 9th of June, following, the order was presented to Fisher by a notary, and protested. Castle man then brought his action on the case, against Claike, in the Fayette circuit court, to recover the amount of the order, in which he succeeded. To reverse the judgment of that court, this writ of error-is
The first error assigned, questions the validity of the declaration. We are of opinion that the declaration contains, substantially, a good cause of action. The case of Murray vs. Clayborn, 2 Bibb, 300, is very much like the present, and the declaration is of the same character. In that case, it was suggested, and we think correctly, that the objections now urged, came too late after a verdict and trial upon the merits.
The next error assigned, grows out of an exception to the opinion of the court, in refusing to instruct the jury, to find as in the case of a non-suit. From the evidence before the court, at the time the instruction was asked for, and upon which it was predicated, we think the instruction ought to have been given; for at that time, there was nd evidence to shew that Clarke had received due notice of the non-acceptance or nonpayment of the bill by Fisher, or to account for the delay in having it protested. As the case then stood, the law would presume he had effects in the hands of Fisher. Therefore, he was entitled to notice, and the exercise of proper diligence on the part of the payee. See Baxter vs. Graves, 2 Marshall, 152, *70 But the court having refused the instruction, the defendant below,, and plaintiff here, introduced his proof, and has established by it to our satisfaction, that tie had no funds in the hands of Fisher, and no right to draw on him; and consequently that he was riot entitled to notice, and strict diligence from the payee. Laches in such a ease, will not be imputed to the holder of the bill, as the drawer cannot be prejudiced thereby. Chitty on bills, 257-8-9. By this proof introduced by the defendant below, we conceive the-error of the court, in refusing to give the instruction aáked, has been cured, and that we ought not now to reverse a case, in which it was shewn before the trial was over, that the opinion of the court, though wrong at the time, has worked no injury to the party against whom it was pronounced.
But if non suit refused, and plaintiff afterwards shews that drawee had no funds of drawers, the defect, is cured, and refusal to instruct, though at the time erroneous, no cause for reversal.
Drawee having no authority to draw, nor tunds in the hands of the drawer, is not entitled to notice.
The only remaining question, which arises from the instruction given by the court, on the whole evidence, to find for the plaintiff, if the jury believed the evidence on both sides, depends upon tfce right óf John Clarke, to draw on Fisher, and upon the ground shewn for maintaining the action, in the name of Cas- — - — - ° - - - - — — tleman. Had Clarke any right to draw the bill? Does the proof exhibit a right of action in Castleman? The' learned counsel who urged the case for the plaintiff in-error, contended for an affirmative- answer to the first-question, by attempting to shew that Fisher owed-James Clarke, and that John Clarke drew the bill as agent for James. Such is not the purport of the bilí on its face. Responsibility rests on John Clarke alone as drawer. There is no proof to shew that James Clarke ever promised, that Fisher might use his, James Clarke’s funds, to discharge drafts drawn by John Clarke. Such a presumption -cannot be indulged; because Fishefr, atone time, made the absence of his note to James Clarke, and the consequent inability to enter credit on it, a cause of his refusal to accept; nor does it appear, -what James Clarke has done with this note. He may yet collect it, if he has not already done so. John Clarke could not assume an agency,, and draw for his brother’s funds, although he might have designed a favor to his brother by it. We the drawer and James *71 @larke together, so as to justify the drawer in making the bill, upon the idea of having funds in Fisher’s hands, subject to his control-. In respect to Castle-man’s right to sue, we have no difficulty; although the slave belonged to the Fayette paper manufacturing company, and the bill of sale was made to James Clarke, yet the transaction may have constituted a good consideration for the order or bill in favor of Castleman, drawn by John Clarke, and that order or bill so-drawn, may have been a complete satisfaction to the company, for the slave conveyed to James Clarke. A sells a slave to B, in consideration of which, C agiees to pay {.) so much money; D agreess to account to A, and B and C are to settle, C gives his note to D for the money,' and A makes a..title to the slave to B, we think it plain that D can collect the money from C. Such is the nature of the present controversy. It does not appear from the face of the bill, that Castleman was acting as mere agent for the Fayette paper manufacturing company. It seems to have been drawn in his favor, in his own right.
Thp rieht of John Clarke to draw upon. Fisher, and of Castleman to sue investigated.
John Clarke no right to draw.
Castleman’s cause of action was good against John Clarke; affirmance.
Petition for a re-hearing.
Hoggin and Loughborough, for plaintiff; Richardson and Chinn, for the defendant.
P. S. Loughborough, counsel for plaintiff in error, presented a petition for a re-hearing.
We see no cause, therefore, to reverse the judgment. It must be affirmed with costs and damages.